UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA PREFONTAINE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>RESEARCH IN MOTION LIMITED, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:11-cv-04068-RJS<br><br><u>CLASS ACTION</u> |
| NANCY A. DEMARKIS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>RESEARCH IN MOTION LIMITED, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:11-cv-04560-RJS<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF DISTRICT NO. 9, I.A. OF M. & A.W.
PENSION TRUST'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

644105_1

|  |  |
|---|---|
| MICHAEL MCNEAL and KENNETH GOLD, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>    vs.<br><br>RESEARCH IN MOTION LIMITED, et al.,<br><br>                      Defendants. | Civil Action No. 1:11-cv-05472<br><br><u>CLASS ACTION</u> |

Proposed lead plaintiff District No. 9, I.A. of M. & A.W. Pension Trust ("District 9") respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the related actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.   INTRODUCTION

Pending in this district are several securities class action lawsuits (the "Actions") brought on behalf of purchasers of Research In Motion Ltd. ("RIM") common stock from December 16, 2010 through April 28, 2011 ("Class Period") against RIM and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "Exchange Act"): (1) *Prefontaine v. Research In Motion Ltd., et al.*, No. 1:11-cv-04068-RJS (filed 06/15/11); and (2) *Demarkis v. Research In Motion Ltd., et al.*, No. 1:11-cv-04560-RJS (filed 07/05/11).[1]  On August 5, 2011, another action was filed by purchasers/sellers of options to purchase RIM stock against RIM and certain of its officers and directors for violations of the Exchange Act, *McNeal v. Research In Motion Ltd., et al.*, No. 1:11-cv-05472-UA.  The *McNeal* action extended the Class Period through June 16, 2011, and adds claims on behalf of those who purchased/sold options to purchase RIM stock.

In securities class actions, the PSLRA requires district courts to "appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  District 9 should be

---

[1]   Another action, *Chatlin v. Research In Motion Ltd.*, No. 1:11-cv-3988-AKH, was filed on June 13, 2011, but was subsequently voluntarily dismissed without prejudice, on June 16, 2011.

- 1 -

644105_1

appointed as lead plaintiff because it: (1) timely filed this motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, District 9's selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

RIM is a designer, manufacturer and marketer of wireless solutions for the worldwide mobile communications market. Through the development of integrated hardware, software and services that support wireless network standards, the Company provides platforms and solutions for access to time-sensitive information, including e-mail, phone, short message service, Internet and intranet-based applications. RIM's primary revenue stream is generated by the BlackBerry wireless solution, comprised of wireless devices, software and services.

Throughout the Class Period, defendants misrepresented and/or omitted material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that: (a) the Company failed to inform investors that its aging product line and inability to introduce new products to the market was negatively impacting the Company's business and margins; (b) due to execution issues, product delays, and lackluster product launches, defendants knew that shipments of BlackBerry smart phones would be down and inventory would be up; and (c) as a result of the foregoing, defendants' statements regarding the Company's financial performance and expected earnings were false and misleading and lacked a reasonable basis when made.

On April 28, 2011, RIM issued a press release disclosing lowered first quarter 2012 guidance for the three months ended May 28, 2011. On this news, RIM's common stock plummeted 14%, or $7.94 per share, to close at $48.65 per share on April 29, 2011, on heavy trading volume.

The *McNeal* action alleges that on June 16, 2011, the Company announced disappointing quarterly results, which again caused the stock to drop.

## III.   ARGUMENT

### A.   District 9 Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). District 9 meets each of these requirements and should therefore be appointed as lead plaintiff.

#### 1.   This Motion Is Timely

The notice published on June 13, 2011, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from June 13, 2011, or August 12, 2011. *See* Declaration of David A. Rosenfeld in Support of District No. 9, I.A. of M. & A.W. Pension Trust's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld

Decl."), Ex. A. This Motion is therefore timely filed and District 9 is entitled to be considered for appointment as lead plaintiff.

### 2. District 9 Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, District 9 lost approximately $388,926 due to defendants' misconduct. *See* Rosenfeld Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, District 9 satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. District 9 Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "The Rule 23 inquiry under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires." *Linn v. Ir. Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 U.S. Dist. LEXIS 24655, at *13 (S.D.N.Y. Dec. 8, 2004). "At this stage in the litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." *Id.* at *13-*14.

"The typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Id.* at *14 (citation omitted). District 9 satisfies this requirement because, just like all other proposed class members, it purchased RIM securities during the Class Period in reliance upon the false and misleading statements issued by defendants and suffered damages thereby, as did the other members of the purported class. *See* Rosenfeld Decl., Ex. B; *Linn*, 2004 U.S. Dist. LEXIS 24655, at *15. Thus, District 9's claims "arise from the same factual predicate" as those of other class members and

the Court should find District 9 "satisfies Rule 23's typicality requirement." *Linn*, 2004 U.S. Dist. LEXIS 24655, at *15.

"The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* at *15-*16. District 9 also satisfies the adequacy requirement. District 9 has demonstrated its ability and willingness to prosecute this action by filing its certifications as well as by retaining qualified counsel. *See* Rosenfeld Decl., Exs. B, D. District 9 is not subject to unique defenses and there is no evidence that District 9 "seeks anything other than 'the greatest recovery for the class consistent with the merits of the claims.'" *Linn*, 2004 U.S. Dist. LEXIS 24655, at *17 (citation omitted).

Thus, District 9 satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B. The Court Should Approve District 9's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

District 9 has selected Robbins Geller to serve as lead counsel. *See* Rosenfeld Decl., Ex. D. Robbins Geller "possess[es] extensive experience in the area of securities litigation," and "have successfully prosecuted numerous securities fraud class actions." *City of Ann Arbor Emps. Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *10 (N.D. Cal. Oct. 26, 2009). As such, the Court should find that Robbins Geller is "well qualified to serve as lead counsel

in this matter." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *18 (S.D.N.Y. July 8, 2008). Accordingly, District 9's selection of Robbins Geller as lead counsel should be approved.

## IV. CONCLUSION

District 9 satisfies each of the PSLRA's requirements for appointment as lead plaintiff. As such, District 9 respectfully requests that the Court appoint District 9 as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED: August 12, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID J. GEORGE
ROBERT J. ROBBINS
JAMES L. DAVIDSON
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

[Proposed] Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 12, 2011.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: drosenfeld@rgrdlaw.com

644105_1

# Mailing Information for a Case 1:11-cv-04068-RJS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey A. Berens**
  jeff@dyerberens.com

- **James Lee Davidson**
  jdavidson@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Michael Ira Fistel , Jr**
  mfistel@holzerlaw.com,cyoung@holzerlaw.com,cmoore@holzerlaw.com

- **David Jude George**
  dgeorge@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Richard William Gonnello**
  rgonnello@faruqilaw.com,tmaloney@faruqilaw.com,ecf@faruqilaw.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **Robert Jeffrey Robbins**
  rrobbins@rgrdlaw.com,jdavidson@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`