**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAURA PREFONTAINE, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br>     v.<br><br>RESEARCH IN MOTION LIMITED, BRIAN BIDULKA, JAMES L. BALSILLIE and MIHALIS "MICHAEL" LAZARIDIS,<br><br>                 Defendants. | Civil Action No. 1:11-cv-04068-RJS |
| NANCY A. DEMARKIS, Individually and on Behalf of All Others Similarly Situated,<br>                 Plaintiff,<br>     v.<br><br>RESEARCH IN MOTION LIMITED, BRIAN BIDULKA, JAMES L. BALSILLIE and MIHALIS "MICHAEL" LAZARIDIS,<br><br>                 Defendants. | Civil Action No. 1:11-cv-04560-RJS |
| MICHAEL MCNEAL AND KENNETH GOLD, Individually And On Behalf of All Others Similarly Situated,<br>                 Plaintiffs,<br>     v.<br><br>RESEARCH IN MOTION LIMITED, BRIAN BIDULKA, JAMES L. BALSILLIE and MIHALIS "MICHAEL" LAZARIDIS,<br><br>                 Defendants. | Civil Action No. 1:11-cv-05472-RJS |

**MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF ROBERT SHEMIAN TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

**TABLE OF CONTENTS**

RELEVANT FACTS…………………………………………………………………………..1

ARGUMENT…………………………………………………………………………………..2

I.     Mr. Shemian Has The Largest Financial Interest In The Outcome Of
These Actions And Is the Presumptive Lead Plaintiff…………………………………….2

        A.     Mr. Shemian Has The Largest Financial Interest In The Outcome
Of This Litigation……………………………………………………………2

        B.     Mr. Shemian Meets The Requirements Of Rule 23(a)……………………………3

        C.     The RIM Investor Group's Motion Should Be Denied…………………………...5

        D.     There Is No Preference For Institutional Investors……………………………….6

II.    Mr. Shemian's Selection Of Counsel Should Be Approved………………………………7

CONCLUSION…………………………………………………………………………………7

Mr. Robert Shemian ("Mr. Shemian" or "Movant") submits this memorandum in further support of his motion: (1) to consolidate, pursuant to Fed. R. Civ. P. 42, the related securities fraud class actions filed against Research In Motion Limited ("RIM" or "Company") and other defendants (collectively "Defendants"); (2) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) for approval of his selection of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for the Class.

## RELEVANT FACTS

Presently pending in this Court are three federal securities class action brought on behalf of all persons who purchased or otherwise acquired the securities of RIM between December 16, 2010 and June 16, 2011, inclusive (the "Class Period").[1] The Actions assert claims pursuant to the Exchange Act on behalf of purchasers of RIM securities during the Class Period (the "Class"). On August 12, 2011, pursuant to the PSLRA, three movants, Mr. Shemian, Michael McNeal and Kenneth Gold (the "RIM Investor Group"), and District No. 9, I.A. of M. & A.W. Pension Trust ("District 9"), each timely filed motions for consolidation and appointment as lead plaintiff and lead counsel. *See* Dkt. No. 8 (the "RIM Investor Group Motion");[2] Dkt. No. 11 (the

---

[1] The related securities fraud class actions in this Court include the following three cases: *Prefontaine v. Research In Motion Limited, et al.*, No. 1:11-cv-04068-RJS (S.D.N.Y.; filed on June 15, 2011) ("*Prefontaine* Action"); *Demarkis v. Research In Motion Limited, et al.*, No. 1:11-cv-04560-RJS (S.D.N.Y.; filed on July 5, 2011) ("*Demarkis* Action"); and *McNeal, et al. v. Research In Motion Limited, et al.*, No. 1:11-cv-05472-RJS (S.D.N.Y.; filed on August 5, 2011) ("*McNeal* Action") (collectively, the "Actions"). The class period alleged in the *Prefontaine* Action and the *Demarkis* Action is December 16, 2010 and April 28, 2011, inclusive. For purposes of this motion, Mr. Shemian adopted the longer Class Period as set forth in the *McNeal* Action.

[2] All docket entries are to the docket in the *Prefontaine* Action.

"Shemian Motion"); Dkt. No. 14 (the "District 9 Motion").[3] Based on the submissions of each lead plaintiff movant, Mr. Shemian is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), as he has suffered the largest losses ($21,783,978.68) on shares of RIM common stock as a result of the three partial disclosures alleged in the *McNeal* Action of any lead plaintiff movant – a loss that is more than $17,515,560.70 larger than the second largest lead plaintiff movant[4] – and he otherwise meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Accordingly, Mr. Shemian should be appointed as the Lead Plaintiff in this litigation.

## ARGUMENT

I.  **Mr. Shemian Has The Largest Financial Interest In The Outcome Of These Actions And Is The Presumptive Lead Plaintiff**

   A.  **Mr. Shemian Has The Largest Financial Interest In The Outcome Of This Litigation**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class;" and (2) who otherwise satisfies the requirements of Rule 23. *See Taft v. Ackermans*, No. 02-7951, 2003 U.S. Dist. LEXIS 2486, at *5-6 (S.D.N.Y. Feb. 20, 2003). The presumptive lead plaintiff, in this case Mr. Shemian, must be appointed unless it is proven that the movant will not satisfy the typicality and adequacy requirements of Rule 23. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436

---

[3]  The District 9 Motion did not seek consolidation.

[4]  The competing movants, the RIM Investor Group and District 9, have sustained losses of approximately $4,268,418.00 and $388,926.40, respectfully. *See* Dkt. No. 10, Ex. C to the Declaration of Richard W. Gonnello in Support of the RIM Investor Group's Motion for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Plaintiff's Selection of Lead Counsel; *See* Dkt. No. 16, Ex. C to the Declaration of David A. Rosenfeld in Support of District No. 9, I.A. of M. & A.W. Pension Trust's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.

(S.D.N.Y. 2008). "That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *In re Cavanaugh*, 306 F.3d at 732.

The determination of which candidate has the largest loss is by far the most important factor in determining who should be the lead plaintiff. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-04617, 2006 U.S. Dist. LEXIS 3028, at *13 (S.D.N.Y. Jan. 24, 2006). The presumptive lead plaintiff must be appointed unless it is shown that the movant will not adequately represent the class or is subject to unique defenses. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (once the court "'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether [that plaintiff] satisfies the other statutory requirements'") (citation omitted); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

In the instant case, Mr. Shemian possesses the "largest financial interest" in this litigation, as he sustained an approximate loss of $21,783,978.68. Thus, the Shemian Motion to be appointed lead plaintiff should be granted and the RIM Investor Group Motion and the District 9 Motion denied.

**B.    Mr. Shemian Meets The Requirements Of Rule 23(a)**

In addition to having the "largest financial interest" in this litigation among the lead plaintiff movants, Mr. Shemian "otherwise satisfies the requirements of Rule 23," as required by the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).

In the lead plaintiff selection process, the Court should limit its inquiry to the typicality

3

and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. At this stage, the lead plaintiff movant must make only a *prima facie* showing that the adequacy and typicality requirements under Rule 23 have been met. *See In re Fuwei*, 247 F.R.D. at 439 ("a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23."); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("In fact, a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.") (citation omitted).

Mr. Shemian has made a *prima facie* showing of "typicality" and "adequacy" under Rule 23. *See* Shemian Motion at 9-11. Mr. Shemian's claims are "typical" of the claims of the proposed Class within the meaning of Rule 23(a)(3) because his claims arise from the same course of conduct by Defendants that gives rise to the other Class members' claims and are based on the same legal theories. *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998). Like other members of the proposed Class, Mr. Shemian purchased RIM shares when the prices were alleged to be artificially inflated due to Defendants' false and misleading statements and suffered damages therefrom. Mr. Shemian will rely on the same facts and invoke the same legal theories to establish liability and damages as all other Class members. Thus, Mr. Shemian's claims are "typical" of the claims of the Class.

The adequacy requirement will be satisfied where the lead plaintiff movant's interests are not antagonistic to those of the class, the movant has a sufficient interest in the outcome of the case to ensure that the movant will vigorously prosecute the action, and the movant selects competent counsel with experience prosecuting securities class action litigation. *See Linn v. Ir. Banks, PLC*, No. 02-1738, 2004 U.S. Dist. LEXIS 24655, at *15-16 (S.D.N.Y. Dec. 8, 2004).

As demonstrated by the undertakings made by Mr. Shemian, under oath, in his PSLRA-mandated certification,[5] Mr. Shemian is familiar with the duties of a lead plaintiff and class representative under the PSLRA and Rule 23, respectively, and is prepared to diligently discharge those duties. Mr. Shemian has no interest that is antagonistic to the other Class members. Further, Mr. Shemian has a significant stake in the outcome of this case to ensure vigorous prosecution of the claims here. Finally, Mr. Shemian has retained qualified counsel with considerable experience in prosecuting federal securities class actions.[6] Therefore, Mr. Shemian will adequately represent the Class.

### C. The RIM Investor Group's Motion Should Be Denied

As discussed, the RIM Investor Group, with total claimed losses considerably less than Mr. Shemian, does not possess the "largest financial interest" in this litigation and is not the "most adequate plaintiff" under the PSLRA. However, even if the RIM Investor Group did possess the largest financial interest in this litigation, because it has not demonstrated that it is a cohesive group, it should not be appointed as lead plaintiff. *See In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 437 (E.D. Va. 2000) (rejected a group because it "failed to present evidence with respect to its formation, its operational structure, or whether the members of the group had ever communicated with one another about their roles."); *In re Tarragon Corp. Sec. Litig.*, No. 07-7972, 2007 U.S. Dist. LEXIS 91418, at *6 (S.D.N.Y. Dec. 6, 2007) (noting that "[t]he issue is not whether losses or holdings may be aggregated by members of a group seeking to become the lead plaintiff; indisputably, they may. But …there must be some evidence that the members of the group will act collectively and separately from their lawyers."); *Schriver v. Impac Mortgage*

---

[5] *See* Ex. A to the Declaration Of David A.P. Brower In Support Of The Motion Of Robert Shemian To Consolidate Related Actions; To Be Appointed Lead Plaintiff; And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("Brower Decl."), Dkt. No. 11.

[6] *See* Brower Decl., Ex. D.

*Holdings, Inc.*, No. 06-31, 2006 U.S. Dist. LEXIS 40607, at *25-27 (C.D. Cal. May 2, 2006) ("The absence of any explanation of how the group intends to conduct discovery or coordinate litigation efforts or strategy, poses a danger that the group will not be cohesive"); *In re Gemstar-TV Guide Int'l Inc.* 209 F.R.D. 447, 450-51 (C.D. Cal. 2002) (court refused to appoint as lead plaintiff a group because, *inter alia*, it failed to describe procedures by which it would operate including, when and how it would meet, procedures for possible "emergency" meetings, or how its members would engage in the group's decision-making process).

### D.   There Is No Preference For Institutional Investors

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant with the "largest financial interest in the relief sought by the class," and "a plaintiff's mere status as an institutional investor does not provide any presumption that the institutional plaintiff is a more adequate lead plaintiff than an individual investor with a larger financial interest." *Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 U.S. Dist. LEXIS 32764, at *17-18 (N.D. Cal. Feb. 14, 2008).  *See In re Cavanaugh*, 306 F.3d 726, 730 n.20 (9th Cir. 2002) ("If financial sophistication had been Congress's principal concern, it would not have made the plaintiff who lost the most money the presumptive lead plaintiff").[7]   Thus, the District 9's institutional status should not have any effect here.

---

[7]   *See also In re Vonage Initial Pub. Offering Sec. Litig.*, No. 07-177, 2007 U.S. Dist. LEXIS 66258, at *39-40 n.15 (D.N.J. Sept. 6, 2007) ("the PSLRA does not afford institutions a preference over other movants with greater financial losses."); *Tanne v. Autobytel*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) ("there is no per se rule requiring that an institutional investor be appointed lead plaintiff in lieu of an individual who has a larger stake in the litigation.") (citation omitted); *In re American Bus. Fin. Servs., Inc. Sec. Litig.*, No. 04-0265, 2004 U.S. Dist. LEXIS 10200, at *7 (E.D. Pa. June 3, 2004) ("the language of the Act does not require that institutional investors take precedence over individual plaintiffs who are otherwise qualified to serve in a lead capacity."); *Steiner v. Aurora Foods, Inc.*, No. 00-602, 2000 U.S. Dist. LEXIS 20341, at *14-15 (N.D. Cal. June 5, 2000) ("[T]he PSLRA does not limit the presumption of most adequate plaintiff to institutional investors."); *In re Telxon Corp. Sec. Litig*, 67 F. Supp. 2d 803, 821 (N.D. Ohio 1999) ("The institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status").

**II.     Mr. Shemian's Selection Of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff appointed by the court to select and retain counsel to represent the class, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should approve Mr. Shemian's selection of Brower Piven as lead counsel for the Class in this Action.  *See* Shemian Motion at 11.

## CONCLUSION

For all of the foregoing reasons, Mr. Shemian respectfully requests that this Court enter an order:  (1) consolidated the related Actions; (2) appointing Mr. Shemian to serve as Lead Plaintiff in these Actions; (3) approving Mr. Shemian's selection of Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: August 30, 2011                              Respectfully submitted,

**BROWER PIVEN**
 A Professional Corporation

  /s/   David A.P. Brower
David A.P. Brower
Brian C. Kerr
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300

*Counsel for Robert Shemian and*
*Proposed Lead Counsel for the Class*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that this Memorandum In Further Support Of The Motion Robert Shemian To Consolidate Related Actions; To Be Appointed Lead Plaintiff; And To Approve Proposed Lead Plaintiff's Choice Of Counsel was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and electronically mailed to those indicated as non-registered participants on August 30, 2011.

                                                                /s/ David A.P. Brower
                                                               David A.P. Brower