UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA PREFONTAINE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RESEARCH IN MOTION LIMITED, BRIAN BIDULKA, JAMES L. BALSILLIE, AND MIHALIS "MICHAEL" LAZARIDIS,<br><br>Defendants. | Civil Action No. 11 Civ. 4068 (RJS) |
| NANCY A. DEMARKIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RESEARCH IN MOTION LIMITED, BRIAN BIDULKA, JAMES L. BALSILLIE, AND MIHALIS "MICHAEL" LAZARIDIS,<br><br>Defendants. | Civil Action No. 11 Civ. 4560 (RJS) |

(caption continued on subsequent page)

**THE RIM INVESTOR GROUP'S REPLY TO ROBERT SHEMIAN'S RESPONSE TO DISTRICT 9'S NOTICE OF SUPPLEMENTAL AUTHORITY**

| | |
|---|---|
| MICHAEL MCNEAL and KENNETH GOLD, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br>     v.<br><br>RESEARCH IN MOTION LIMITED, BRIAN BIDULKA, JAMES L. BALSILLIE and MIHALIS "MICHAEL" LAZARIDIS,<br><br>                              Defendants. | Civil Action No. 11 Civ. 5472 (RJS) |

Plaintiffs Michael McNeal and Kenneth Gold (the "RIM Investor Group") respectfully submit this reply to Robert Shemian's response to the submission by District No. 9, I.A. of M. & A.W. Pension Trust ("District 9") of *Teran v. Subaye, Inc.*, No. 11 Civ. 2614 (NRB), 2011 U.S. Dist. LEXIS 105774 (S.D.N.Y. Sept. 16, 2011) as supplemental authority.

Shemian cites *Subaye* for the proposition that the court in *Subaye* rejected a lead plaintiff movant because it failed to provide sufficient evidence that the group would function cohesively. In *Subaye*, however, the group at issue had not filed a complaint. Rather, counsel for the group had initially filed a complaint on behalf of another movant and then subsequently cobbled together its group when another movant filed a complaint asserting larger losses:

> It is apparent that the Pilney Group was cobbled together by counsel for purposes of making this motion and becoming the lead plaintiff. In this regard, we note that The Rosen Law Firm's initial client in this action, Jose Teran, is absent from the Pilney Group. It appears that Teran's lawyers, who filed the first complaint against Subaye, noticed that Hartman's later-filed complaint alleged significantly greater damages and thus sought to find a group of individuals to surpass Hartman.

2011 U.S. Dist. LEXIS 105774, at * 13-14.

By contrast, the RIM Investor Group filed a complaint and suffered the largest losses of any party to have filed a complaint. Furthermore, the court in *Subaye* acknowledged:

> Even though we have declined to allow the members of the Pilney Group to aggregate their losses for purposes of becoming the presumptive lead plaintiff, it would be appropriate for us to consider an individual member of the group, or perhaps the brothers, as a potential lead plaintiff. . . . However, none of the individual members of the Pilney Group, even if we were to combine the brothers, has a greater financial interest than Hartman.

*Id.* at *14-15 n.7. Here, Michael McNeal (with losses of $3,607,832) and Kenneth Gold (with losses of $660,586) each suffered greater losses than did District 9 (with losses of $388,903).

Shemian additionally cites *Subaye* for the proposition that Shemian's declaration concerning his standing to assert claims for *all* of the transactions listed in his certification is

dispositive of the issue.  Unlike the movant in *Subaye*, the RIM Investor Group is seeking discovery from Shemian: namely, copies of all account records that evidence the trades listed on Shemian's certification.[1]  *See In re Citigroup Inc. Sec. Litig.*, 07 Civ. 9901 (SHS), Dkt. No. 85 (Aug. 31, 2009) (granting motion to reconsider which allowed discovery of court appointed lead plaintiff notwithstanding lead plaintiff's submission of declarations on the issue prior to being appointed) (annexed hereto as Exhibit A).

Further, Shemian's statement that his "clients" lost a lot of money is inconsistent with his declaration.  *See* Dkt. No. 20, at 3.  His statement is admissible evidence and standing alone raises reasonable questions that warrant the limited discovery being sought.[2]  *See* Fed. R. Evid. 801(d)(2); 15 U.S.C. 78-u-4(a)(3)(B)(iv) (permitting discovery when movant demonstrates a "reasonable basis" for a finding that plaintiff is incapable of adequately representing class).

Moreover, Shemian's declaration does not purport to be based on personal knowledge -- nor could it -- with respect to the transactions listed on his Certification and his Loss Chart because *his counsel's accountant* prepared the 630-page list of transactions attached to his Certification as well as Shemian's 83-page loss chart.  Under these circumstances, Shemian's declaration concerning these matters is inadmissible and of limited evidentiary value.  *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *Thai Lao Lignite (Thailand) Co., v. Gov't of the Lao People's Democratic Republic*, 10 Civ. 5256 (KMW), 2011 U.S. Dist. LEXIS 103378, *14-15 (S.D.N.Y. Sept. 13, 2011) (permitting discovery of

---

[1] The RIM Investor Group is currently waiting for Shemian's section of the required joint discovery dispute letter so that it can submit the final joint letter to the Court.

[2] Additional information will be provided in the joint letter.

respondent's bank accounts despite its claim that counsel's declaration regarding the nature of those accounts was undisputed) ("This testimony does not create an 'undisputed record' because it is of extremely limited evidentiary value.  The declaration states that it is based not upon personal knowledge, but rather, upon meetings with people who presumably have personal knowledge of these matters.").

Based on the foregoing, the RIM Investor Group respectfully submits that the court's decision in *Subaye* is inapposite and not controlling legal authority in any event.

Dated:  October 5, 2011                                             Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: /s/ Richard W. Gonnello

Antonio Vozzolo
Richard W. Gonnello
369 Lexington Avenue, 10th Floor
New York, New York 10017
Tel: 212-983-9330
Fax: 212-983-9331
avozzolo@faruqilaw.com
rgonnello@faruqilaw.com

Jacob A. Goldberg
Sandra G. Smith
101 Greenwood Avenue, Suite 600
Jenkintown, PA  19046
Tel: 215-277-5770
Fax: 215-277-5771
jgoldberg@faruqilaw.com
ssmith@faruqilaw.com

*Attorneys for the RIM Investor Group*