UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA PREFONTAINE, *individually and on behalf of all others similarly situated*,

Plaintiff,

-v-

RESEARCH IN MOTION LIMITED, *et al.*,

Defendants.

No. 11 Civ. 4068 (RJS)
MEMORANDUM AND ORDER

NANCY A. DEMARKIS, *individually and on behalf of all others similarly situated*,

Plaintiff,

-v-

RESEARCH IN MOTION LIMITED, *et al.*,

Defendants.

No. 11 Civ. 4560 (RJS)
MEMORANDUM AND ORDER

MICHAEL MCNEAL and KENNETH GOLD, *individually and on behalf of all others similarly situated*,

Plaintiffs,

-v-

RESEARCH IN MOTION LIMITED, *et al.*,

Defendants.

No. 11 Civ. 5472 (RJS)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

Before the Court are three putative class action suits brought on behalf of investors who claim to have suffered damages as a result of Defendants' alleged misconduct in connection with their purchase and/or sale of Research In Motion Limited securities, in violation of the Securities and Exchange Act of 1934 and rules promulgated thereunder. On August 12, 2011, Plaintiffs Michael McNeal and Kenneth Gold (the "RIM Investor Group"), Robert Shemian ("Shemian"), and District No. 9, I.A. of M. & A.W. Pension Trust ("District 9") each moved for the consolidation of the related cases and for the appointment of lead plaintiff and lead plaintiff's counsel in the action, pursuant to Section 21D of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* 15 U.S.C. § 78u-4(a)(3)(B). The parties filed opposition papers in response to each other's motions on August 30, 2011, and then filed reply briefs on September 16, 2011.

On October 11, 2011, the Court received a letter, in which the RIM Investor Group challenged Shemian's standing to assert claims for the transactions listed on his certification based on speculation that Shemian's stock purchases were made on behalf of "clients" and not for himself. The Court heard argument on this issue on October 20, 2011.[1] For the reasons set forth below and stated on the record at the October 20, 2011 conference, the actions are consolidated, Shemian is appointed lead plaintiff, and the firm of Brower Piven is approved as lead counsel.

---

[1] The RIM Investor Group also requested limited discovery on the issue; the Court denied the request at the October 20, 2011 conference. (Tr. 5:23-6:2, Oct. 20, 2011.)

## I. DISCUSSION

### A. Consolidation

A court may consolidate two or more actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure where the actions involve "a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The trial court has broad discretion to consolidate actions under Rule 42(a). *See Johnson*, 899 F.2d at 1284. However, while a court may enter orders of consolidation "to avoid unnecessary costs or delay, . . . [c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1284-85 (citations omitted).

Consolidation of these three actions pursuant to Rule 42(a) is appropriate because the factual allegations and legal claims advanced in the complaints are overlapping and raise common questions of law and fact. *See Devlin*, 175 F.3d at 130. All three complaints assert causes of action under the Securities Act in connection with allegedly false or materially misleading statements made by certain officers or directors of RIM in press releases, analyst conference calls, and filings with the SEC. More specifically, all three complaints allege that RIM failed to inform investors that "its aging product line and inability to introduce new products to the market was negatively impacting the Company's business and margins." (Prefontaine Compl. ¶ 3; DeMarkis Compl. ¶ 3; McNeal Compl. ¶ 3.) The three complaints name the exact same defendants. Furthermore, all movants seek consolidation, and no one opposes consolidation. Accordingly, the actions are hereby consolidated.

### B.  Lead Plaintiff

The PSLRA provides that a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B).  In appointing the Lead Plaintiff, the PSLRA instructs the Court to adopt the rebuttable presumption that the "most adequate" plaintiff is the person or group of persons that (1) filed the complaint or made a motion in response to a notice as provided in the PSLRA,[2] (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *Id.*  This presumption may be rebutted only upon "*proof*" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* (emphasis added).

With losses estimated at $21,783,978.68, Shemian is the "presumptively most adequate plaintiff" under the PSLRA, provided that he satisfies the Rule 23 requirements. (Shemian Reply Br. at 1.)  The RIM Investor Group and District 9 challenge Shemian's appointment on the grounds that Shemian does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, that Shemian lacks standing to pursue claims on behalf of the plaintiff class, and that, as a "day trader," Shemian is subject to a unique defense.  The Court addresses each of these arguments in turn.

---

[2] All lead plaintiff movants made timely motions in response to notice of the Complaint.  Under 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in an action is required to publish notice of the complaint within twenty days of its filing.  Counsel for Laura Prefontaine published notice in *Business Wire* on June 13, 2011.  Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of the notice.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The RIM Investor Group, Shemian, and District 9 each moved for consolidation and to be appointed lead plaintiff on August 12, 2011.

1. Rule 23 Requirements

The RIM Investor Group alleges that Shemian cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The Rule 23 inquiry focuses on the "typicality" and "adequacy" requirements at this stage of the litigation, and only a preliminary showing of both typicality and adequacy is necessary.  *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011) (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)). To meet the "typicality" requirement, a plaintiff's "claims [must] arise from the same conduct from which the other class members' claims and injuries arise."  *Id.*  The "adequacy" requirement is satisfied when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Id.*  No other lead plaintiff movant disputes that Shemian fulfills the "typicality" threshold; however, the RIM Investor Group objects to Shemian's satisfaction of the "adequacy" requirement.

The RIM Investor Group argues that Shemian cannot "adequately" represent the plaintiff class because he profited from options transactions that took place during the Class Period.  (RIM Opp'n Br. at 5.)  Shemian disputes this assertion and avers that he also incurred losses on his options transactions.  (Shemian Reply Br., Ex. A at ¶ 8, 9.)  Without more, the Court will not recognize a "conflict of interest" based purely on the RIM Investor Group's conclusory statement that Shemian profited on put options at times during the Class Period. Furthermore, the RIM Investor Group's reliance on the Second Circuit's decision in *In re Literary Works in Electronic Databases Copyright Litigation* is misplaced.  (RIM Opp'n Br.

at 5-6.) In that case, the Second Circuit reversed the district court's decision to certify a class and approve a proposed settlement because the named plaintiffs' economic interests were adverse to one category of copyright claimants. 654 F.3d 242 (2d Cir. 2011). Not only does *Literary Works* have nothing to do with options trading, but the procedural posture of that case is also readily distinguishable from the case at hand. In *Literary Works*, the Second Circuit reviewed an adequacy determination at the *settlement* phase. *Id.* at 245. At issue before this Court, on the other hand, is the *appointment of lead plaintiff*. At the "lead plaintiff phase," only a preliminary showing of adequacy is required. *Foley*, 272 F.R.D. at 131. A "wide ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (internal quotation marks and citations omitted). Accordingly, "[a]ny preliminary . . . findings of adequacy and typicality made at this time do not preclude a party from contesting the ultimate class certification." *In re Deutsche Bank AG Sec. Litig.*, No. 09 Civ. 1714 (DAB), 2009 WL 4277202, at *3 (S.D.N.Y. Nov. 23, 2009). The Court further notes that subclasses or separate representatives could be appointed, if necessary, as the litigation progresses. *Weinberg*, 216 F.R.D. at 254.

Thus, the Court finds that at this stage of the litigation, the other movants have not demonstrated a conflict between Shemian and other members of the class sufficient to preclude Shemian's appointment as lead plaintiff. Moreover, given Shemian's losses, there is no indication that he would not vigorously pursue all claims on behalf of the plaintiff class. Finally, as discussed below, the Court finds Brower Piven to be qualified and well-able to

conduct the litigation.    The Court therefore finds that Shemian meets the "adequacy" requirement of Rule 23.  *Foley*, 272 F.R.D. at 131.

### 2.  Movants Have Not Otherwise Rebutted the PSLRA Presumption

Once the presumptive lead plaintiff is determined by applying the criteria laid out in the PSLRA, the presumption can be rebutted only by *proof* that the presumptively most adequate plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render the plaintiff incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The other movants seek to rebut the presumption of Shemian as lead plaintiff by alleging that Shemian lacks standing to bring claims on behalf of the plaintiff class and that, as a "day trader," he is subject to a unique defense.

### a.  Standing

The RIM Investor Group argues that Shemian lacks standing to pursue claims on behalf of the entire plaintiff class because the losses disclosed on Shemian's certification may not be Shemian's personal losses, but rather those of Shemian's clients.  (*See* RIM Opp'n Br. at 2-3).  However, this argument is flatly contradicted by Shemian's sworn declaration that all of the RIM transactions that appear in the attachment to his Plaintiff's Certification are "solely in [his] name; are owned 100% by [him] alone; contain assets that are [his] personal holdings, only; utilized funds to acquire securities that are [his] personal funds, only; and are accounts where [he is] the sole person named thereon and the sole beneficial owner thereof." (Shemian Reply Br., Ex. A at ¶ 3).  Shemian has expressly declared that "100% of the losses claimed by [him] in the Shemian Motion are [his] personal losses and not those, in whole or in part, of anyone else."  (*Id.*)  As the Court noted on the record during the October 20, 2011

conference, Shemian's explicit assertion that he did not make investments for customers or clients is sufficient to establish his standing and is uncontradicted by the ambiguous and speculative statements relied upon by the RIM Investor Group. *Cf. Teran v. Subaye, Inc.*, Nos. 11 Civ. 2614 (NRB), 11 Civ. 3886 (NRB), 2011 WL 4357362, at \*6 (S.D.N.Y. Sept. 16, 2011) (finding that lead plaintiff movant had standing when his "sworn declaration asserting that he owned the shares detailed in his certification" was not contradicted by anything more than speculation by another lead plaintiff movant). Thus, the Court is not persuaded by the RIM Investor Group's allegation that Shemian lacks standing to pursue claims on behalf of the plaintiff class.

### b. Day Trading

District 9 urges the Court not to appoint Shemian as lead plaintiff because Shemian engaged in "an astounding number of transactions" during the Class Period, and "such rapid-fire day traders rely not upon the statements made by defendants when making purchases and sales decisions, but rather on technical fluctuations in the price of securities." (District 9 Opp'n Br. at 4.) Thus, District 9 argues, Shemian is subject to a unique defense and therefore should not be appointed as lead plaintiff.[3] Although District 9 points to case law outside this Circuit in which day traders were prohibited from serving as lead plaintiffs because they may not have relied on the integrity of the market in making trades, and were thus potentially

---

[3] Shemian disputes being characterized as a day trader and insists that "[i]n making [his] investment decisions in RIM[] securities, [he] relied on the alleged false and misleading statements made by Defendants during the Class Period and on the integrity of RIM[]'s stock price." (Shemian Reply Br., Ex. A at ¶ 5.) The Court makes no finding as to whether Shemian engaged in day trading because it is not relevant to the Court's determination of whether Shemian is subject to unique defenses.

subject to a unique defense,[4] the prevailing view in this Circuit is that "day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a securities class does not create intra-class conflicts." *In re Initial Public Offering Sec. Litig.*, 227 F.R.D. 65, 108 (S.D.N.Y. 2004), *rev'd on other grounds*, 471 F.3d 24 (2d Cir. 2006).[5] Absent evidence to the contrary, the Court presumes that Shemian has the same incentive to prove defendants' liability as all other class members – whether or not he engaged in day trading. Accordingly, District 9's characterization of Shemian as a "day trader" does not prove that Shemian is subject to a unique defense or rebut the presumption that Shemian should be appointed lead plaintiff.

### C. Approval of Selection of Lead Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall select and retain counsel to represent the class, subject to the court's approval. *See Pirelli*, 229 F.R.D. at 420. Lead Plaintiff Robert Shemian has selected Brower Piven to represent him, and seeks the Court's approval of that selection. In support of that request, David Brower, Esq., of Brower Piven has submitted a declaration setting forth his firm's experience as class counsel and

---

[4]*See Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008); *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008).

[5]*See also Basic, Inc. v. Levinson*, 485 U.S. 224, 246-47 (1988) ("[I]t has been noted that 'it is hard to imagine that there ever is a buyer or seller who does not rely on market integrity. Who would knowingly roll the dice in a crooked crap game?'") (quoting *Schlanger v. Four-Phase Sys. Inc.*, 555 F. Supp. 535, 538 (S.D.N.Y. 1982)); *In re Imax Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2011 WL 1487090, at *7 (S.D.N.Y. Apr. 15, 2011) (rejecting arguments that a prospective lead plaintiff was subject to unique defense when it employed a sophisticated merger arbitrage investment strategy); *In re Host Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 108 & n.9 (D. Conn. 2006) (finding a day trader to be "typical"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 415 (S.D.N.Y. 2004) (one prospective lead plaintiff's allegation that another was "a massive day-trading operation -- using program trading to dart in and out of NYSE stocks in small trades thousands of times a day" absent "any specific showing as to why transactions by day-traders or in-and-out traders should be disregarded or discounted" did "not suffice to establish that [the day trading plaintiff was] subject to a unique defense").

attaching a resume of the firm, which references numerous class actions in which the firm has served as counsel. (Brower Decl., Ex. D.) The Court finds that Brower Piven is well qualified to serve as lead counsel in the matter. Accordingly, Shemian's selection of Brower Piven is hereby approved.

## II. CONCLUSION

For the reasons discussed above, and for the reasons stated on the record at the October 20, 2011 conference, IT IS HEREBY ORDERED that:

1. The above-captioned actions are consolidated for all purposes (the "Consolidated Action") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. A Master File is established for this proceeding. The Master File shall be the action docketed at 11 Civ. 4068 (RJS). The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket;

3. Every pleading in the Consolidated Action shall have the following caption:

```
----------------------------------------------------------------X
                                                :
IN RE RESEARCH IN MOTION LIMITED                :
SECURITIES LITIGATION                           :       No. 11 Civ. 4068 (RJS)
                                                :
----------------------------------------------------------------X
```

4. Robert Shemian is appointed Lead Plaintiff for the Class pursuant to Section 21D of the Securities Exchange Act of 1934; and

5. The law firm of Brower Piven is hereby appointed Lead Counsel.

The Clerk of Court is respectfully directed to terminate the motions located at case No.

11 Civ. 4068, Doc. Nos. 8, 11, and 14; case No. 11 Civ. 4560, Doc. No. 8; case No. 11 Civ.

5472, Doc. Nos. 7 and 10.

SO ORDERED.

Dated:        January 5, 2012
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1-5-12__

11